**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0660, <u>In re Name Change of Zebadiah Kellogg-Roe</u>, the court on September 26, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The petitioner, Zebadiah Kellogg-Roe, appeals the order of the Circuit Court (<u>Cabrera</u>, J.), denying his petition for a name change, <u>see</u> RSA 547:3-i, II (2019), asserting that the trial court erred in allegedly finding that his religious beliefs did not constitute a "compelling showing" sufficient to support his request.  We affirm.

The petitioner is incarcerated.  "Before the [trial] court may grant a change of name for a person who is incarcerated . . . the petitioner shall make a compelling showing that a name change is necessary."  RSA 547:3-i, II.  We will affirm the trial court's determination that the petitioner failed to make a compelling showing that a name change was necessary unless its ruling is unsupported by the evidence or erroneous as a matter of law.  <u>See</u> <u>Sutton v. Town of Gilford</u>, 160 N.H. 43, 55 (2010).

The petitioner testified at the hearing on his petition that he had experienced "a religious awakening," and that he had been "called, through visions and dreams and circumstance, to embrace the arch-goddess of the fae (phonetic) in a pagan wiccan state."  The petitioner testified that the goddess "communicated with him in dreams that [he was] to take the name Sol-Anin (phonetic) in accordance with her wishes and gifts."  He asked the court to allow him to change his name so that he would not "offend or disobey [his] divinity by defying her will."  At the hearing, counsel for the New Hampshire Department of Corrections represented that inmates are allowed to refer to themselves by names other than their legal names and may ask others to do so as well.

The trial court assumed that the petitioner's religion provided a "compelling reason" for his request, but found that he failed to demonstrate that a legal name change, as opposed to informal use of his desired name, was necessary for the practice of his religion.  We conclude that the trial court's determination that the petitioner failed to make a compelling showing that a name change was necessary was neither unsupported by the evidence nor legally erroneous.  <u>See</u> RSA 547:3-i, II; <u>Sutton</u>, 160 N.H. at 55.

To the extent that the petitioner raises additional issues in his brief, we conclude that they are insufficiently developed to warrant review.  See Anna H. Cardone Revocable Trust v. Cardone, 160 N.H. 521, 526 (2010) ("Judicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor casual invocations of constitutional rights without support by legal argument or authority warrants extended consideration."); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Affirmed.

MacDonald, C.J., and Donovan, Countway, and Gould, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
